HANSARD v. UNITED STATES. (Circuit Court of Appeals, Second Circuit. December 21, 1922.) No. 145. · In Error to the District Court of the United States for the Southern District of New York. Joseph Hansard was convicted of an offense, and he brings error. Affirmed. George Wolf, of New York City (Abner Siegal, of New York City, of counsel), for plaintiff in error. William Hayward, U. S. Atty., of New York City (Elmer H. Lemon, Special Asst. U. S. Atty., of Middletown, N. Y., of counsel), for the United States. Before ROGERS HOUGH, and MANTON, Circuit Judges.

PER CURIAM. Judgment affirmed in open court.

---

LILLEY BUILDING & LOAN CO. v. MILLER, Internal Revenue Collector. (Circuit Court of Appeals, Sixth Circuit. February 6, 1923.) No. 3752. In Error to the District Court of the United States for the Southern District of Ohio; John W. Peck, Judge. Action by the Lilley Building & Loan Company against Newton M. Miller, as Collector of Internal Revenues. Judgment of dismissal (280 Fed. 143), and plaintiff brings error. Affirmed. John W. Wilson, of Columbus, Ohio, and Andrew J. Hess, of Sidney, Ohio (Oscar W. Newman, of Columbus, Ohio, Wilson & Rector, of Columbus, Ohio, and Pogue, Hoffheimer & Pogue, of Cincinnati, Ohio, on the brief), for plaintiff in error. C. M. Charest, Sp. Atty., for Bureau of Internal Revenue, of Washington, D. C., and W. J. Ford, Asst. U. S. Atty., of Columbus, Ohio (Thomas H. Morrow, U. S. Atty., of Cincinnati, Ohio, and Carl A. Mapes, Solicitor of Internal Revenue, of Washington, D. C., on the brief), for defendant in error. Before KNAPPEN and DENISON, Circuit Judges, and WESTENHAVER, District Judge.

PER CURIAM. Plaintiff in error, a corporation organized under the laws of Ohio (General Code, § 9643' et seq.), sued the collector of internal revenue to recover income taxes, paid under protest, for the years 1918, 1919 and 1920, under the Revenue Act of 1918. 40 Stat. 1057 et seq. (Comp. St. Ann. Supp. 1919, § 6336⅛a et seq.). Judgment was rendered for defendant. The sole question presented for review is whether plaintiff was exempt from the tax by virtue of section 231 (4) of the act (Comp. St. Ann. Supp. 1919, § 6336⅛o), which exempts "domestic building and loan associations and co-operative banks without capital stock organized and operated for mutual purposes and without profit." District Judge Peck, in a considered opinion (280 Fed. 143), held plaintiff not exempt. We approve, not only this conclusion, but the reasoning upon which it is based. The judgment of the District Court is accordingly affirmed, upon the opinion of the District Judge.